# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-cr-00053 |
| Plaintiff, | District Judge Walter H. Rice |
| vs. | Magistrate Judge Sharon L. Ovington |
| JUSTIN WOODS, | |
| Defendant. | |

## DETENTION ORDER

This case came on for hearing on June 23, 2020, on Motion of the United States for pretrial detention.

Under 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

In considering the history and characteristics of the person, the judicial officer should consider the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties,

past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

Based upon the evidence presented and for the reasons stated on the record in open court, the Court finds by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the appearance of the Defendant as required and the safety of the community.

Accordingly, it is hereby ORDERED that:

1) the Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2) the Defendant be afforded reasonable opportunity for private consultation with counsel;

3) on order of a court of the United States or on request of an attorney for the United States, the person in charge of the facility in which the Defendant is confined deliver the Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding; and,

4) in the event that Defendant seeks to appeal to the District Judge from this order, counsel must request a transcript of the detention hearing from the court reporter at the same time the appeal is filed.

June 29, 2020                                          *s/Sharon L. Ovington*
                                                                                  Sharon L. Ovington
                                                                      United States Magistrate Judge